IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN AND RENE WOOD, on their own behalf and on behalf of their minor son, RW,<br><br>*Plaintiffs*,<br>v.<br><br>KATY INDEPENDENT SCHOOL DISTRICT; BOARD OF TRUSTEES OF THE KATY INDEPENDENT SCHOOL DISTRICT; CHRISTE WHITBECK, in her individual and official capacities; and KEVIN O'KEEFE, in his individual and official capacities,<br><br>*Defendants*. | Civil Action No. H-08-0358 |

### **OPINION & ORDER**

Pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 28). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and the entire record in this cause, the Court finds that Defendants' motion should be granted.

I.        Background & Relevant Facts

During the 2005-2006 and 2006-2007 school years, RW, the minor son of Plaintiffs John and Rene Wood, attended Seven Lakes High School (SLHS) located in the Katy Independent School District (Katy ISD). (Pls.' Compl., Doc. 1 at 8). During this period, Katy ISD's Admission, Review, and Dismissal Committee (ARDC) classified RW as a student with a disability under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415, *et seq.* (*Id.*) As a result of this classification, Katy ISD provided RW with special education services. (*Id.*).

Plaintiffs were dissatisfied with the special education support that Defendants provided to RW. As a result, RW's parents and teachers had multiple ARDC meetings to discuss RW's Individualized Education Plan (IEP). (Pls.' Compl., Doc. 1 at 9). However, none of these meetings was successful in resolving Plaintiffs' concerns. (*Id.*). Accordingly, on September 12, 2007, Plaintiffs requested a due process hearing before the Texas Education Agency (TEA) as provided for under the IDEA. (Pls.' Compl., Doc. 1 at 6). Defendants objected to the sufficiency of Plaintiffs' request pursuant to section 1415(c) of the IDEA. *Id.* Specifically, Defendants objected to Plaintiffs' inclusion of non-IDEA issues in their request because TEA hearing officers do not have jurisdiction to hear non-IDEA claims. *Id.* On September 30, 2007, the hearing officer dismissed the non-IDEA claims contained in the request and ordered Plaintiffs to amend their request. (Pls.' Compl., Doc. 1 at 7). As such, Plaintiffs subsequently filed an amended hearing request. (*Id.*).

The TEA due process hearing was held on July 8 and November 3-6, 2008, and addressed the following issues: First, whether Katy ISD failed to provide RW with free appropriate public education due to (a) its inappropriate placement of RW, (b) RW's IEP, and (c) the fact that its special education and related services were insufficient to address RW's needs. Second, whether Katy ISD failed to consider independent evaluations of RW that his parents provided to the ARDC. Third, whether Katy ISD failed to implement RW's IEP, including altering the IEP without consulting with or providing notice to RW's parents. Fourth, whether Defendants' inaccurate reports of RW's grades and progress resulted in the withholding of information from RW's parents. Fifth, whether the school district took retaliatory action, in violation of the IDEA, against RW and his parents following their challenges to the sufficiency of RW's IEP. (Doc. 35 Ex. A at 2).

On January 31, 2008, Plaintiffs initiated this civil action against Defendants alleging violations of (1) the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, (2) 42 U.S.C. § 1983 (section 1983), (3) the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504), (4) the Fourteenth Amendment of the United States Constitution, and (5) Texas state law. (Pls.' Compl., Doc. 1 at 2). Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction because Plaintiffs failed to satisfy the IDEA's exhaustion requirement before filing suit in this Court. (Doc. 28).

II.        Legal Standard on Rule 12(b)(1)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the district court's subject matter jurisdiction. It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)).

In cases in which a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Id.* at 161. The Fifth Circuit distinguishes between "facial" and "factual" attacks to subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the defendant files a Rule 12(b)(1) motion without extrinsic evidence, the district court is simply required to evaluate the sufficiency of the allegations in the complaint as they are presumed to be

true.  *Id.* at 523.  If those jurisdictional allegations are sufficient, the complaint stands.  *Id.*  If a defendant makes a "factual attack" to the district court's subject matter jurisdiction, the defendant submits affidavits, testimony, or other evidentiary materials with its Rule 12(b)(1) motion.  *Id.*  If the defendant makes a "factual attack," the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance" that the district court has subject matter jurisdiction.  *Id.*

III.     Discussion

Defendants argue that Plaintiffs are required to exhaust their administrative remedies available through the IDEA before they file a civil action in federal court.  Defendants contend that all of Plaintiffs' claims in the instant case are based on facts involving and relief available under the IDEA, and, as such, they have failed to meet this exhaustion requirement.  Plaintiffs, however, assert that they are not barred from bringing suit because they have failed to exhaust their administrative remedies.  Plaintiffs contend that they removed the non-IDEA claims from their hearing request and, as such, were given no administrative remedies with respect to these claims.  As a result, they contend that they properly brought suit in federal district court to obtain relief.  For the reasons set forth below, the Court agrees with Defendants.

The IDEA ensures parents "an opportunity to present complaints with respect to any matter relating to identification, evaluation, or educational placement of the child, or the provision of free appropriate public education to such child."  20 U.S.C. § 1415(b)(1)(E).  If parents have such a complaint then section 1415(b)(2) guarantees that parents will have access to an impartial due process hearing through a state or local educational agency.  *Gardner v. School Bd. Caddo Parish*, 958 F.3d 108, 111 (5th Cir. 1992).  If the due process hearing is conducted by a local educational agency then "any party aggrieved by the findings and decision rendered in

such a hearing may appeal to the State educational agency." *Id.* at 111 (citing 20 U.S.C. § 1415(c)).  If relief is available under the IDEA, section 1415(f) requires that the plaintiff exhaust his administrative remedies pursuant to section 1415(b)(2) and (c) before initiating a civil action in federal district court.  Therefore, "it is beyond doubt that the statute provides that a plaintiff must first exhaust the state administrative remedies before bringing an action in federal court, if the complaint is one falling under § 1415(b)(1)(E)."  *Id.*  If the plaintiff's complaint falls under section 1415(b)(1)(E) and he fail to exhaust his administrative remedies, it will deprive the federal district court of subject matter jurisdiction.  *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 683, 689 (E.D. Tex. 2000).

The IDEA establishes that is will not "restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities." 20 U.S.C.A. § 1415(l).  There are, however, limits to this provision.  As the statute provides, ". . . before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted . . ." *Id.*  Therefore, the IDEA is not the only method by which parents may seek relief; they may utilize other federal statutes, as well.  *Hope v. Cortines*, 872 F. Supp. 14, 17 (E.D.N.Y 1995).  However, before doing so, parents must exhaust their administrative remedies under the IDEA.  *Id.* at 17.  The exhaustion requirement allows "states and local agencies to employ their educational expertise, affords full exploration of technical educational issues, furthers development of a complete factual record and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for

disabled children." *Id.* at 19 (quoting *Hoeft v. Tuscon Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992) (internal quotations omitted)).

Here, Plaintiffs argue that, since the hearing officer dismissed their "non-IDEA claims," they were unable to exhaust their administrative remedies concerning those issues. Moreover, Plaintiffs contend that, because there was no relief available for the non-IDEA claims, they should be able to pursue these claims in the instant civil action in order to receive a remedy. However, "the theory behind the grievance may activate the IDEA's process, even if the plaintiff wants a form of relief that the IDEA does not supply." *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.*, 98 F. 3d 989, 992 (7th Cir. 1996). In the instant case, the theory behind the grievance falls within the IDEA because it concerns the "identification, evaluation, or educational placement of the child, or the provision of free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E). Furthermore, every issue that is raised in Plaintiffs' complaint was addressed in the IDEA due process hearing. Accordingly, because the theory behind all of the claims in Plaintiffs' complaint may be resolved under the IDEA, the Court finds that they must exhaust their administrative remedies before filing a civil action in federal district court.

In *Honig v. Doe*, 108 S. Ct. 592 (1988), the Supreme Court states that "parents may by-pass the administrative process where exhaustion would be futile or inadequate." *Id.* at 606. However, the burden of establishing this falls upon the plaintiff. *Gardner*, 958 F.2d at 111. In this case, Plaintiffs have failed to even raise this argument in their response and, as such, have not met this burden.

IV.     Conclusion

For the reasons stated above, the Court hereby ORDERS that Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 28) is GRANTED.

- 7 -

SIGNED at Houston, Texas, this 6th day of August, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE