```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JOHN AND RENE WOOD, on their     §
own behalf and on behalf of      §
their minor son, RW,             §
                                 §
            Plaintiffs,          §
                                 §
VS.                              §   CIVIL ACTION H-08-0358
                                 §
KATY INDEPENDENT SCHOOL          §
DISTRICT; BOARD OF TRUSTEES OF   §
THE KATY INDEPENDENT SCHOOL      §
DISTRICT; CHRISTE WHITBECK, IN   §
HER INDIVIDUAL AND OFFICIAL      §
CAPACITIES; AND KEVIN O'KEEFE,   §
IN HIS INDIVIDUAL AND OFFICIAL   §
CAPACITIES,                      §
                                 §
            Defendants.          §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, grounded in the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, the Fourteenth Amendment of the United State Constitution, and Texas law, is Defendants Katy Independent School District, Board of Trustees of the Katy Independent School District, Christie Whitbeck, and Kevin O'Keefe's (collectively, "Defendants'") motion for attorneys' fees (instrument # 42), pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II)-

(III)[1] and Federal Rule of Civil Procedure 54(d).  Specifically

---

[1] Section 1415(i)(3)(B)(i)(II)and (III) provides that a federal district court shall have jurisdiction, regardless of the amount in controversy, over actions brought under this section to award, in its discretion,

> reasonable attorneys' fees as part of the costs-- . . .
>
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation became frivolous, unreasonable, or without foundation; or
>
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

As succinctly explained in *Parenteau ex rel. C.P. Prescott Unified School Dist.*, No. CV-07-8072-PCT-NVW, 2009 WL 2169154, *7 (D. Az. July 17, 2009),

> In 2000, the IDEA provided an attorneys' fee award only to a prevailing party who is the parent of a child with a disability. *Arlington Cent. Sch. Dist. Bd. of Ed. v. Murphy*, 548 U.S. 291, 300 n.2 (2006).  In 2004, Congress amended the IDEA to provide an attorneys' fees award to a prevailing state or local educational agency, but only under certain conditions.  *Id.*  Fees may be awarded against the attorney of a parent where the complaint filed is "frivolous, unreasonable, or without foundation" or where the attorney "continued to litigate after the litigation became frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II).  Fees may also be awarded against the attorney of a parent or against the parent if the complaint or cause of action was presented for any improper purpose.  20 U.S.C. § 1415(i)(3)(B)(i)(III).  Thus a fee award in favor of a school district under subparagraph (II) is available only against the attorney conducting the litigation, while an award under subparagraph (III) is available against both

Plaintiffs' Complaint (#1) alleges "unlawful discrimination and retaliation against plaintiffs in connection with the provision of special education and accommodation services to RW, and unlawful discrimination and retaliation against plaintiffs on the basis of their exercise of, or their attempt to exercise, their rights under state and federal laws . . . ." Plaintiffs did not bring claims grounded in the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1401, *et seq.*, because those were still before the hearing officer when they filed this action.

After reviewing the briefs, the record, and the applicable law, the Court concludes that Defendants' motion should be denied for lack of subject matter jurisdiction.

**Defendants' Motion for Attorneys' Fees (#42)**

On August 8, 2009, this Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction (#41) because Plaintiffs, parents of disabled student RW, failed to satisfy IDEA's exhaustion-of-administrative-remedies requirements under the IDEA before filing suit in this federal court. 20 U.S.C. § 1415(b)(1)(E).[2]

---

the attorney and the parents." *See E.K. ex rel. Mr. K. v. Stamford Bd. of Educ.*, No. CV-07-0800, 2009 WL 995607 (D. Conn. Mar. 31, 2009)(awarding fees to school board against plaintiff's counsel who continued to litigate an IDEA claim after the litigation clearly became frivolous, unreasonable, or without foundation).

[2] During Plaintiffs' administrative process, the hearing officer for the due process hearing stated that he did not have

Defendants urge that the dismissal for the parents' failure to exhaust remedies was frivolous, unreasonable and without legal foundation so as to warrant an award of attorney's fees to them. *See, e.g., Amherst Exempted Village School Dist. Bd. of Educ. v.*

---

jurisdiction to hear Plaintiffs' "non-IDEA" claims (such as section 504 claims, retaliation claims, and claims under the Texas Education Code), dismissed them, and ordered Plaintiffs to amend to include only IDEA violations.  Plaintiffs explain that they were concerned about the statute of limitations and thus they filed this action raising the "non-IDEA" claims which the hearing officer rejected as outside the scope of his review under the statute.  In its order dismissing this action for failure to exhaust, the Court pointed out that even when a plaintiff brings claims for which there is no remedy under the IDEA, he is still required to go through the exhaustion process before he files an action in federal court. Here Plaintiffs have sought relief under a number of statutes and theories in addition to the IDEA.  Title 20 U.S.C. § 1415(f) states,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act, or other Federal statues protecting the rights of children and youth with disabilities, except that before the filing of a civil action under such laws seeking relief that is available under this subchapter, the same procedures under subsections (b)(2) and (c) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

*Charlie F. V. Bd. of Educ. of Skokie Sch. Dist.*, 98 F.3d 989, 991 (7th Cir. 1996).  Thus any disabled student seeking relief that is available under the IDEA is required to exhaust the IDEA's administrative remedies even if he invokes a different statute. *Id.*  #41 at 5-6.  The Court found that Plaintiffs' grievance, no matter how they characterized it, falls within the IDEA because it concerns the "identification, evaluation, or educational placement of the child, or the provision of free appropriate public education to such child" and because every issue raised in their complaint was addressed in the IDEA due process hearing.  #41 at 6, *quoting* 20 U.S.C. § 1415(b)(1)(E).

*Calabrese*, No. 1:07 CV 920, 2008 WL 2810244, *2 (N.D. Ohio 2008)(granting attorneys' fees to district upon holding parent's federal claims were frivolous, unreasonable and without legal foundation because parent failed to allege specific procedural violations or challenge any of the administrative hearing officer's factual findings); *District of Columbia v. Ijeabuonwu*, No. 09-0249, 2009 WL 1949118, *2 (D.D.C. 2009)(granting attorneys' fees to district upon finding the parent's federal claims were frivolous, unreasonable and lacked legal foundation after district offered to settle and grant the relief requested by parents during the due process hearing).

Defendants maintain that because the Court granted their motion to dismiss, thus closing the case,[3] they are the "prevailing party" here and thus meet the standard for a fee award. A party is a prevailing party when a court enters judgment in favor of the party. *Staley v. Harris County, Texas*, 485 F.3d 305, 314 (5th Cir. 2007)("To qualify as a prevailing party, '[a]ll that is required is that the plaintiff obtain the primary relief sought.'")(*citing Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980)), *cert. denied*, 552 U.S. 1038 (2007).  *See also Watkins v. Mobile Housing Bd.*, 632 F.2d 565, 567 (5th Cir. 1980)("The test of whether one is a prevailing party is whether he or she has received substantially the relief

---

[3] The Court observes that although Plaintiffs filed an appeal, the appeal was dismissed for want of prosecution when they failed to file a brief and record excerpts timely.  #56.`

requested or has been successful on the central issue."). Furthermore, a party does not have to prevail on every issue to be considered the prevailing party for the purpose of a fee award. *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 790-91 (1989).

Defendants argue that Plaintiffs' federal action is frivolous and unreasonable since the same fact issues were pending before the Texas Education Agency ("TEA") when the suit was filed here on January 31, 2008. Because Plaintiffs filed it before a final resolution in the due process hearing, they "unnecessarily burdened the Court and Defendants by requiring the unnecessary expenditure of limited time and resources." #42 at 5. Furthermore, noting that the student's father is a licensed attorney in Texas who signed Plaintiffs' federal complaint before they hired another attorney, Defendants argue that an attorney has a professional responsibility to be informed about the law under which his claims are brought. Despite numerous warnings of the exhaustion requirement from Defendants, after Plaintiffs filed this action they unsuccessfully sought leave to amend it by filing more than 300 pages and attempted to engage in discovery, all of which forced Defendants to file additional motions that were granted by the Court. Defendants also insist that Plaintiffs' failure to exhaust their administrative remedies as required by the IDEA was unreasonable.

Regarding their request for fees as costs incurred because of Plaintiffs' frivolous and unreasonable actions in this suit, Defendants point out that in an attempt to be reasonable, their request covers only part of the fees for services expended in this litigation, i.e., fees related to the cause of action filed in this Court and the Plaintiffs' subsequent pleadings, amounting to $20,804. They have eliminated any request for fees for issues unrelated to exhaustion of administrative remedies and Defendants motion to dismiss, and reduced their request to 25% of the amount of the fees they actually incurred, as their supporting records show. They have not asked for fees for services at the due process hearing.

### **Plaintiffs' Response (#46)**

Most of Plaintiffs' response is devoted to rehashing its objections to what went on in the administrative proceedings. That issue, with this Court's dismissal of this suit and the Fifth Circuit's dismissal of their appeal, is closed. The only question before the Court is whether Defendants are entitled to their requested fee award.

Plaintiffs argue that Defendants seek fees under the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Yet Plaintiffs' claims in this action are not for violations under that statute. Instead the complaint recites that Plaintiffs attempted to exhaust their administrative remedies under Section 504, were denied by

Defendants, and "file this complaint to preserve their Section 504 and other 'non-IDEA' causes of action[4] in light of applicable statutes of limitations." Thus there is no statutory basis in the IDEA for their fee request.

Plaintiffs also contend that even if the IDEA provides a statutory basis for Defendants' motion, there is no evidence that their complaint is frivolous or improper. Plaintiffs have not submitted any affidavits or evidence to support their contentions, but only argumentative conclusions.

Furthermore, "to determine whether a suit is frivolous, 'a court must ask whether 'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Stover v. Hattiesburg Public Sch. Dist.*, 549 F.3d 985, 997-98 (5th Cir. 2008). Plaintiffs point out that no discovery was conducted in this litigation, this Court heard no evidence about and made no ruling on the merits of any of the causes of action pleaded in the complaint, and the Court referred only to Section 504[5] exhaustion requirements when dismissing the complaint. They also complain that by the time this Court dismissed the complaint, it had been six months since the TEA hearing officer issued a decision and nearly five months since

---

[4] Specifically Plaintiffs allege violations of Section 504 of the Rehabilitation Act,(Counts I-II), the Americans with Disabilities Act (Counts IV-V), and Texas law.

[5] The Court believes Plaintiffs mean the IDEA.

Plaintiffs notified this Court of that decision. Burgess Affidavit, Ex. A.

### Defendants' Reply (#47)

Defendants assert that this Court found that all of Plaintiffs' claims were based on facts involving and relief available under the IDEA. A party cannot avoid the requirement to file under the IDEA by disguising claims under other causes of action. *Babicz v. School Bd. of Broward County*, 135 F.3d 1420, 1422 n.10 (11th Cir.)("Any student who wants relief that is available under the IDEA must use the IDEA's administrative system, even if he invokes a different statute.")(*citing Charlie F. by Neil F. v. Bd. of Educ. of Skokie School Dist. 68*, 93 F.3d 989, 991 (7th Cir. 1996)), *cert, denied*, 525 U.S. 816 (1998). Moreover each of the statutes cited by Plaintiffs allow for an award of fees to a prevailing defendant if the plaintiff's case is frivolous, unreasonable or without foundation. *Christianburg Garment Co v. EEOc*, 434 U.S. 412. 421 (1978). Furthermore under 28 U.S.C. § 1927, this Court has inherent power to award excess costs, expenses, and attorney's fees where a party "so multiplies the proceedings in any case unreasonably and vexatiously." They insist, "The filing of this cause of action and the attempt to amend the pleadings as well as to conduct discovery before a decision was rendered [by the administrative hearing judge] constitutes a reasonable basis for an award of fees. #47 at 4.

Plaintiffs ignored clearly established law and repeated warnings from Defendants' counsel that Plaintiffs had to exhaust administrative remedies before filing these claims in federal court.

### Court's Decision

The Court agrees and sympathizes with Defendants in their argument that Plaintiffs have failed to satisfy black-letter law that all IDEA administrative remedies must be exhausted before bringing civil suit in federal court.

Nevertheless, the difficulty here is that Defendants' motion to dismiss requested, and this Court granted, a dismissal for lack of subject matter jurisdiction.  #41 at 6.  This ruling was made before Defendants filed their motion for attorneys' fees. "[F]ee shifting provisions cannot themselves confer subject matter jurisdiction"; they "must be read in conjunction with substantive statutes that establish proper jurisdiction over fee applications," here the IDEA.  *W.G. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994)(addressing the IDEA fee shifting provision, 20 U.S.C. § 1415(e)(4)(B)).  Where a court has determined that it "had no subject matter jurisdiction under § 1415(e) or (f) to consider the substantive complaint based on [plaintiff's] failure to exhaust administrative remedies set forth in § 1415(b) and (c), as a matter of law the court had no subject matter jurisdiction to consider [plaintiff's] fee application pursuant to § 1415(e)(4)(B)." *W.G.*

*Senatore*, 18 F.3d at 65, *citing Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir, 1990)(reversing district court's award of attorney's fees under § 1988 after affirming district court's conclusion that it lacked subject matter jurisdiction under § 1983).  *See also, e.g., In re Knight*, 205 F.3d 1115, 1117 (9th Cir. 2000); *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055-56 (10th Cir. 2004).  Furthermore, Plaintiffs appealed this Court's dismissal for lack of subject matter jurisdiction, and the Fifth Circuit dismissed their appeal for want of prosecution.  Thus the ruling is final and this case is closed.  Therefore this Court does not "reach the merits of the arguments raised regarding prevailing party status."  *W.G. Senatore*, 18 F.3d at 65.

Accordingly, because the Court can always examine its own jurisdiction,[6] the Court finds it also lacks jurisdiction over Defendants' motion for attorney's fees and

ORDERS that it (#42) is DENIED.

**SIGNED** at Houston, Texas, this 18th day of March, 2010.

                                        MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE

---

[6] *Schwartz v. Int'l Fed. of Prof. and Technical Engineers*, 306 Fed. Appx. 168, 174 (5th Cir. 2009)("Federal courts are required to determine their jurisdiction, . . . and we have repeatedly stated that federal courts have jurisdiction to determine their own jurisdiction.")